# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| In re:<br><br>SCOTT HARMAN JENKINS and<br>TERESA SIMONE JENKINS,<br><br>            Debtors.<br>_____<br><br>Robert Shouldice,<br><br>            Plaintiff,<br><br>      v.<br><br>Scott Harman Jenkins,<br><br>            Defendant. | Case No. 11-04041-dd<br><br>Chapter 7<br><br><br>Adv. Pro. No.: 11-80174-dd<br><br><br><br>**ORDER GRANTING MOTION FOR<br>SUMMARY JUDGMENT** |

## <u>ORDER GRANTING MOTION FOR SUMMARY JUDGMENT</u>

THIS MATTER comes before the Court upon Motion for Summary Judgment ("Motion") filed by Robert Shouldice ("Shouldice") pursuant to Fed. R. Civ. P. 56, made applicable to this adversary proceeding by Fed. R. Bankr. P. 7056.  A hearing was held on the Motion on April 25, 2012.  Defendant, Scott Harman Jenkins ("Defendant"), who appeared *pro se* in this matter, filed correspondence with the Court responding to Shouldice's Motion, but did not appear at the hearing.  Based upon the pleadings, the evidence presented, and argument made at the hearing, the Court makes the following findings of fact and conclusions of law.

## FACTS

1. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 157, 1334, and Local Civil Rule 83.IX.01 (D.S.C.). This is a core proceeding pursuant to 28 U.S.C. § 157.

2. Defendant filed the underlying case pursuant to chapter 7 of the Bankruptcy Code on June 28, 2011 and received a discharge on October 19, 2011.  On October 17, 2011, Shouldice timely filed this Complaint seeking to determine the non-dischargeability of certain debt pursuant to 11 U.S.C. §523(a)(2)(A).

3. On or about March 21, 2012, Shouldice, by counsel, took the deposition of Defendant pursuant to Fed. R. Civ. P. Rule 30 and Fed. R. Bankr. P. Rule 7030.

4. Prior to Defendant's bankruptcy, Shouldice brought a Virginia state court proceeding against Defendant, and a Consent Judgment pursuant to Virginia Code § 8.01-431, in conjunction with a Promissory Note, was executed on May 17, 2010.   The Consent Judgment references the Promissory Note, and the Promissory Note provides that the obligations under the Promissory Note are non-dischargeable pursuant to 11 U.S.C. § 523(a)(2) and 523(a)(4).

5. The Consent Judgment obtained by Shouldice and the Promissory Note are both in the amount of $20,000, plus interest at 6%, from May 17, 2010.

6. Defendant has failed to raise any issues of material fact concerning the validity, finality, or applicability of the May 17, 2010 Judgment and the inter-related and companion Promissory Note.

7. During his deposition on March 21, 2012, Defendant conceded that he signed and understood the May 17, 2010 Promissory Note and the Consent Judgment.  The Consent

Judgment stipulated to the non-dischargeability of the debt, and the Court infers from the stipulation that the debt was incurred through fraud on the part of Defendant.

8. Defendant has failed to perform any of the conditions required of him by the May 17, 2010 Promissory Note.

## CONCLUSIONS OF LAW

Summary judgment is appropriate when the pleadings, depositions, and affidavits demonstrate that there is no genuine issue of material fact and that the moving party is entitled to an order of judgment as a matter of law. *Emmett v. Johnson*, 532 F.3d 291, 297 (4th Cir. 2008) (citing Fed. R. Civ. P. 56(c)). Upon a party's filing of a Motion for Summary Judgment and his filing and introduction of undisputed material facts, the burden shifts to the opposing party to demonstrate the existence of genuine issues of material fact. *Emmett*, 532 F.3d at 297.

In order to survive a Rule 56 motion, the opposing party must raise genuine issues of fact that are germane to the matter before the court and would require resolution by a finder of fact prior to the entry of judgment. *See Emmett*, 532 F.3d at 297. The mere existence of disputes on tangential or unrelated matters will not preclude the grant of summary judgment. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247-48 (1986). Defendant failed to raise or demonstrate the existence of any material facts concerning the May 17, 2010 Consent Judgment and Promissory Note and their finality.

Shouldice seeks to apply collateral estoppel in support of his request for non-dischargeability of debt under 11 U.S.C. §523(a)(2)(A). The United States Supreme Court has held that collateral estoppel principles apply in dischargeability proceedings under section 523. *Auto Fin. Corp. v. Rigoroso (In re Rigoroso)*, 453 B.R. 612, 617 (Bankr. D.S.C. 2011) (quoting *Grogan v. Garner*, 498 U.S. 279, 285 n.11 (1991)). In determining whether the preclusion

doctrine applies, the Court is required to apply the law of the state where the previous judgment was granted. *Rigoroso*, 453 B.R. at 617 (citing *In re McNallen*, 62 F.3d 619, 623–24 (4th Cir. 1995)).

Under applicable Virginia law, collateral estoppel applies where "the parties to the two proceedings, or their privies, [are] the same; the factual issue sought to be litigated actually [was] litigated in the prior action and [was] essential to the prior judgment; and the prior action [ ] resulted in a valid, final judgment against the party sought to be precluded in the present action." *TransDulles Ctr., Inc. v. Sharma*, 472 S.E.2d 274, 275 (Va. 1996) (citing *Glasco v. Ballard*, 452 S.E.2d 854, 855 (1995)).  A judgment entered by consent is valid, just as any other judgment, and is entitled to the same full faith and credit.  *Liberty Mut. Ins. Co. v. Eades*, 448 S.E.2d 631, 633 (Va. 1994) (citing *Culpeper Nat'l Bank v Morris*, 191 S.E. 764, 767 (1937)).

Shouldice has satisfied all of the elements required to establish collateral estoppel.  The parties here are the same parties involved in the state court action, and both actions relate to the same set of facts, which were essential to the ultimate judgment in both actions. Under Virginia law, set forth above, a consent judgment has collateral estoppel effect. Defendant has failed to raise any material facts which would preclude application of collateral estoppel.  Based on the Consent Judgment and Promissory Note entered in the Virginia state court proceeding, in which Defendant stipulated to non-dischargeability, Defendant's debt to Shouldice is non-dischargeable.  Shouldice's Motion for Summary Judgment is granted.

## CONCLUSION

Shouldice's Motion for Summary Judgment is granted.  Defendant's debt to Shouldice is excepted from Defendant's chapter 7 discharge pursuant to 11 U.S.C. § 523(a)(2).

AND IT IS SO ORDERED.

**FILED BY THE COURT**
**05/04/2012**



David R. Duncan
US Bankruptcy Judge
District of South Carolina

Entered: 05/07/2012